1

2                                  UNITED STATES DISTRICT COURT
                                         DISTRICT OF NEVADA
3

4    Nicolle Jones Parker,                              Case No. 2:24-cv-02396-CDS-MDC

5                      Plaintiff                         **Order Granting in Part and Denying in Part
                                                             Defendant's Motion to Dismiss**
6    v.

7    Geico Casualty Company, et al.,                    [ECF No. 5]

8                      Defendants

9

10          Plaintiff Nicolle Parker sued defendant Geico Casualty Company, as well as a series of

11   unidentified defendants, in Nevada state court following a car collision. Compl., ECF No. 1-1.

12   Geico removed the case to this court, ECF No. 1, and now moves to dismiss, ECF No. 5.[1] As

13   discussed below, I grant in part and deny in part Geico's motion to dismiss.

14   **I.      Background**

15          Parker, a resident of Nevada, alleges that she suffered injuries in an automobile accident

16   on August 28, 2018. ECF No. 1-1 at ¶¶ 1, 7; Removal notice, ECF No. 1 at 2 ("Plaintiff alleges that

17   on or about August 28, 2018 (erroneously listed as August 28, 2024 in Plaintiff's Complaint) she

18   was involved in an automobile accident . . . ."). She alleges having suffered $42,091.00 in medical

19   special damages, as well as lost "earning capacity, pain and suffering, lost wages, physical

20   impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable

21   amount." ECF No. 1-1 at ¶¶ 10–11. Parker alleges that the collision was the result of negligent

22   driving by non-party Louis Ronzelle Smith. *Id.* at ¶ 8. Geico insured Smith's vehicle with bodily

23   injury limits of $25,000.00 per person and $50,000 per collision; Geico paid Parker the $25,000

24   under Smith's policy. *Id.* at ¶¶ 12–13.

25

26

---

[1] This motion is fully briefed. *See* Opp'n, ECF No. 9; Reply, ECF No. 10.

Parker also alleges that she held a policy with Geico, that included coverage in the amount of $100,000 per person and $300,000 per accident. *Id.* at ¶ 15. Claiming damages in excess of Smith's policy limit, Parker alleges that she made an underinsured motorist claim for the $100,000 policy limit. *Id.* at ¶ 18. Geico ultimately tendered Parker a $32,166.00 settlement offer, which she claims was unreasonable. *Id.* at ¶ 20. Her lawsuit involves five causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing under both tort and contract, violation of Nevada's Unfair Insurance Practices Act (NUIPA), and declaratory relief. *Id.* at ¶¶ 23–57. She avers that the amount in controversy exceeds $50,000. *Id.* at ¶ 58. Her claimed damages are a damages award exceeding $15,000, special damages, attorney's fees and costs, interest, and declaratory relief. *Id.* at 8.

In its notice of removal, Geico acknowledges that this case can only be heard in federal court based on diversity of citizenship under Title 28, United States Code, Section 1441(b). ECF No. 1 at 1. It alleges that the parties are completely diverse and the amount in controversy exceeds the $75,000 threshold. *Id.*

## II.    Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

## III.    Discussion

Geico argues in its motion that Parker has failed to sufficiently state a claim because the genuine dispute doctrine applies and because she fails to sufficiently allege facts to support a breach of contract, tortious or contractual breach of the implied covenant of good faith and fair dealing, and NUIPA claim. ECF No. 5 at 3–6. It also asserts that Parker's claims may be barred by the statute of limitations. *Id.* at 6.

### A.  Genuine dispute doctrine

Geico first argues that Parker's claims are barred by the genuine dispute doctrine, which states that "it is reasonable for insurers to deny claims based on genuine disputes about claim value." *Id.* at 3 (quoting *Hall v. Liberty Mut. Gen. Ins. Co.*, 2017 WL 4349225 (D. Nev. Sept. 29, 2017)). The genuine dispute doctrine is a defense in which an insurer demonstrates that "there was a genuine dispute as to coverage." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660 (9th Cir. 2003).

Geico asserts that "an insurance company is not liable for bad faith if it had a reasonable basis for denying a claim" and Parker's complaint only claims that she received a determination from Geico she was unhappy with, including no facts demonstrating bad faith. *Id.* at 3–4

1  (quoting *Am. Excess Ins. Co. v. MGM Grand Hotels*, 729 P.2d 1352, 1355 (Nev. 1986)). It also asserts

2  that by making an offer, even if Parker deemed it low, Geico could not have breached the

3  contract. *Id.* at 4.

4        In response, Parker asserts that, in the Ninth Circuit, the genuine dispute doctrine "has

5  consistently 'applied the doctrine to both coverage and value disputes' when evaluating a bad

6  faith claim." Opp'n, ECF No. 9 at 4 (quoting *Sherwin v. Infinity Auto Ins. Co.*, 639 F. App'x 466, 467

7  (9th Cir. 2016)). And thus, evaluating the genuine dispute doctrine is more appropriately done

8  at the summary judgment stage. *Id.* Parker insists that discovery must occur first. *See id.* at 5. In

9  its reply, Geico points to *Ragonesi v. GEICO Casualty Company*, a case in this district dismissed at

10 the 12(b)(6) stage in which the court cited the genuine dispute doctrine and held that because it

11 could not "reasonably infer the subjective element of bad faith from this genuine dispute over

12 valuation based on dueling medical experts, [Plaintiff's] tortious breach of the implied covenant

13 claim is dismissed without prejudice as well." Reply, ECF No. 10 at 2 (quoting 2020 WL

14 7643225, at *4–5 (D. Nev. Dec. 23, 2020)).

15       First, I note that Geico quotes the following language in its brief:

16     "To establish a prima facie case of bad faith refusal to pay an insurance claim, the

17     plaintiff must establish that the insurer had no reasonable basis for disputing
    coverage, and that the insurer knew or recklessly disregarded the fact that there

18     was no reasonable basis for coverage." *Falline* [*v. GNLV Corp.*,] 107 Nev. at 1009
    [(1991)].

19

20 ECF No. 5 at 3. This language, as quoted, does not appear in *Falline*.[2] It appears that the quote is

21 a heavily altered version of the following, from *Falline*: "Bad faith, the converse of good faith, has

22 been defined as 'the absence of a reasonable basis for denying benefits . . . and the defendant's

23 knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.'" *Falline*,

24  

---

25 [2] In fairness, I note that many of Parker's citations are incorrect, too, failing to provide pin citations (*see, e.g.*, ECF No. 9 at 7 ("*Great American Ins. Co. v. General Builders, Inc.*, 113 Nev. 346, 934 P.2d 257 (1997)")) and

26 using incorrect citations (citing "*Falline v. GNLV*, 107 Nev. 1004, 823 P.2d 999 (1991)" where *Falline*'s Pacific Reporter citation is "823 P.2d 888").

823 P.2d at 1009 (quoting *Franks v. U.S. Fidelity & Guar. Co.*, 718 P.2d 193, 197 (Ariz. Ct. App. 1985)). In seeking to find the actual source of Geico's quoted language, the only documents I came across were two other filings by insurance companies, Geico in 2020 (Geico's reply in support of its mot. to dismiss, *Jacobs v. Geico Ins. Co.*, 2020 WL 10758682 (D. Nev. Nov. 9, 2020)) and Liberty Mutual in 2024 (Liberty Mut.'s mot. to dismiss, *McFadden v. Liberty Mut. Pers. Ins. Co.*, 2024 WL 5643503 (D. Nev. Dec. 20, 2024)). Where this false quotation originated is otherwise unclear, but Geico, and any defendant insurance company, would be wise to check the citations before copying and pasting the work of earlier attorneys.

Turning to the substance of the argument, the genuine dispute doctrine only applies to bad faith claims. *See Tracey v. Am. Fam. Mut. Ins. Co.*, 2010 WL 3613875, at *3 (D. Nev. Sept. 8, 2010). "[T]he genuine dispute doctrine should be applied on a case-by case basis." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001). As Parker correctly notes, the genuine dispute doctrine is typically applied in the summary judgment context. *See, e.g.*, *Tracey*, 2010 WL 3613875, at *2 ("The Ninth Circuit has held that a bad faith claim should be dismissed on summary judgment 'if the defendant demonstrates that there was a genuine dispute as to coverage.'" (quoting *Feldman*, 322 F.3d at 669)); *Phillips v. Clark Cnty. Sch. Dist.*, 903 F. Supp. 2d 1094, 1104 (D. Nev. 2012) (quoting *Tracey*, 2010 WL 3613875, at *2).

Although the case law does not conclusively state that the genuine dispute doctrine is not applicable during the motion to dismiss stage of litigation—or that it only applies at summary judgment—I cannot see how it can apply here. Neither party has conducted discovery yet in this case, and although the complaint is lacking in sufficient factual background—as discussed below—it would be premature for me to find that the coverage claim amount was genuine, and therefore not made in bad faith. Thus, I deny the motion to dismiss to the extent that it argues Parker's claims are barred by the genuine dispute doctrine.

### B. Sufficiency of Parker's claims

Geico next argues that Parker has not sufficiently pled her two covenant of good faith claims and her NUIPA claim.[3] Regarding her contractual breach of the implied covenant of good faith and fair dealing claim, Geico argues that the complaint fails to address the fact that its total offer—the $25,000 paid under Smith's policy, and the $32,166 offered under Parker's policy—far exceed the $42,091 claimed in medical special damages. ECF No. 5 at 4. In response, Parker argues that this argument lacks any legal analysis to support the conclusion, and therefore Geico has not met its burden demonstrating dismissal is warranted. ECF No. 9 at 6. In its reply, Geico quotes *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, in which the Supreme Court of Nevada held that a contractual breach of the implied covenant of good faith and fair dealing occurs

> When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith. Whether the controlling party's actions fall outside the reasonable expectations of the dependent party is determined by the various factors and special circumstances that shape these expectations.

ECF No. 10 at 4 (quoting 808 P.2d 919, 923–24 (Nev. 1991)).[4] It argues that although Parker clearly alleges Geico breached the contract, Parker has not pled that "that GEICO technically adhered to the express terms of the contract but performed in a manner that was unfaithful to the spirit or intent of the contract." *Id.*

I agree that the complaint lacks any allegation to support the conclusion that Geico adhered to the contract but violated its spirit. Although Geico's motion could have more clearly expressed this argument, it sufficiently raised the issue and elaborated on it further in the reply. Therefore, Geico has met its burden, and dismissal is warranted on this claim. Because I do not find that amendment would be futile, I dismiss the claim without prejudice.

---

[3] After arguing in its motion that Parker failed to state a claim for breach of contract, ECF No. 5 at 4, in its reply Geico reneges, asserting that it "submits to that cause of action to remaining part of this litigation[,]" ECF No. 10 at 2. Therefore, this portion of the motion is denied.

[4] I note that, again, this case citation was incorrect. *Compare* "17 Nev. 226" with "107 Nev. 226." *See* ECF No. 10 at 4.

As to Parker's tortious breach of the implied covenant of good faith and fair dealing claim, like with the contract version, Geico argues that Parker has not alleged any facts to support her contention that Geico acted with no reasonable basis. ECF No. 5 at 5. In response, Parker cites to a number of cases and then asserts that:

> What is made clear by the case law is that insurance companies are routinely sued in Nevada for tortious breach of the covenant of good faith and fair dealing, the Nevada Supreme Court has upheld cases finding that an insurer tortiously acted in bad faith, and the claims do not have to be based in the contract in a vacuum, but can be based on the legal duties an insurance has when dealing with an insured regarding a claim for coverage.

ECF No. 9 at 7.

None of Parker's response actually addresses the root issue with her complaint. Although Nevada courts *do* uphold tortious bad faith claims based on legal duties, Parker has not actually plausibly pled why Geico's offer lacked a reasonable basis or that it made the offer "with the knowledge or reckless disregard for any reasonable basis to deny coverage." *Falline*, 823 P.2d at 891 (internal quotation omitted). Without this crucial information in the complaint, Parker has not sufficiently stated her claim. Therefore, the motion to dismiss is granted as to the tortious breach of the implied covenant of good faith and fair dealing. Because I find that amendment would not be futile, I dismiss this claim without prejudice.

As to Parker's NUIPA's claim, Geico argues that Parker has not sufficiently set out why its offer was unreasonable, a necessary component of a NUIPA claim. ECF No. 5 at 5–6 (citing *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050 (D. Nev. 2017) ("An insurer must unreasonably handle a claim to be liable under Nevada's unfair practice statutes."), and Nev. Rev. Stat. § 686A.310 (liability for an insurer under NUIPA for "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.")). In response, Parker argues that Geico "ignores . . . that Plaintiff has not yet stopped treatment and her expected medical specials could far exceed all policy limits." ECF No. 9 at 8.

This issue—Parker's ongoing medical expenses—is not mentioned in the complaint. Parker's complaint lacks any sort of specific allegations explaining why Geico's claim assessment was unreasonable. Because of this lack of specificity, I find that Parker fails to plausibly allege her NUIPA claim against Geico. However, because I do not find that amendment would be futile, I grant Geico's motion to dismiss without prejudice.

### C. Statute of limitations

Geico points out that Parker's complaint was filed on August 27, 2024, and the accident occurred on August 28, 2018. ECF No. 5 at 6. The statute of limitations is six years for breach of contract claims, Nev. Rev. Stat. § 11.190(1)(b), and three years for actions "upon liability created by statute, other than a penalty or forfeiture[,]" Nev. Rev. Stat. § 11.190(3)(a). It states that the NUIPA and breach of implied covenant of good faith and fair dealing claims are likely barred by the statute of limitations, but Geico "cannot fully examine this issue because dates of the alleged breach are not included in the Complaint." ECF No. 5 at 6. In response, Parker asserts that the statute of limitations should begin when the $32,166 offer was tendered, and yet Geico "omits any reference to the timing of that offer or the duration of the Parties' negotiations." ECF No. 9 at 10–11. Notably, it is Parker's complaint that is devoid of dates for when the negotiation and offer took place. Given that she has not provided any dates, aside from the date of the accident—which she mistakenly inputted as August 28, 2024, instead of August 28, 2018—Geico's flagging the issue is not unreasonable. However, I do not believe that there is sufficient information in the complaint at this time to make a determination about the applicability of the statutes of limitations one way or the other. Therefore, this motion to dismiss, to the extent it seeks dismissal of the claims based on the statute of limitations, is denied without prejudice.

### D. Additional issues

As Parker correctly acknowledges, Geico failed to address dismissal of the claim for declaratory relief, so Parker may maintain this claim. *See* ECF No. 9 at 10. Additionally, Geico raises, in its reply, an issue with Parker's claim for punitive damages. ECF No. 10 at 6–7.

However, because this was not raised in the motion, and therefore Parker did not have the opportunity to address it, Geico's motion, to the extent it seeks dismissal of Parker's claim for punitive damages, is denied without prejudice.

## IV.   Conclusion

IT IS THEREFORE ORDERED that Geico's motion to dismiss **[ECF No. 5] is GRANTED in part and DENIED in part** as follows:

a.   Because Geico withdrew its motion to the extent it sought dismissal of the breach of contract claim, Geico's motion with respect to the breach of contract claim is **DENIED**.

b.   Geico's motion to dismiss as to the tortious and contractual breach of the implied covenant of good faith and fair dealing is **GRANTED**, and the claims are dismissed without prejudice.

c.   Geico's motion to dismiss the NUIPA claim is **GRANTED**, and the claim is dismissed without prejudice.

d.   Geico's motion to dismiss, to the extent it is based on statute of limitations grounds, is **DENIED**.

e.   Geico's motion to dismiss Parker's claim for punitive damages is **DENIED**.

If Parker chooses to file a first amended complaint, she must do so by August 27, 2025.

Dated: August 12, 2025

_____
Cristina D. Silva
United States District Judge